IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02553-BNB

JASON WILLIAMS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS FREMONT CORRECTIONAL
      FACILITY,
TOM CLEMENTS, Executive Director,
RAE TIMME, Warden,
ANTHONY DeCESARO, Grievance Officer,
DARRYL PROFFIT, Faith & Citizens Programs,
NARVA COURTNEY, Facility Volunteer Coordinator,
BUDDHIST FAITH GROUP ADVISOR, Unnamed as per C.D.O.C.,
LIEUTENANT NOEL, C.H. 4 Staff,
CAPTAIN PERSONS, C.H. 4/5 Staff,
C.O. MARQUEZ, C.H. 4 Staff,
C.O. DUNN, C.H. 4 Staff, and
C.O. SEGURA, C.H. 4 Staff,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jason Williams, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Williams has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. Mr. Williams also asserts his claims pursuant to the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb - 2000bb-4, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc - 2000cc-5.

The court must construe the complaint liberally because Mr. Williams is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a **pro se** litigant.  **See Hall**, 935 F.2d at 1110.  For the reasons stated below, Mr. Mosier will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Williams asserts four numbered claims for relief that relate to his ability to practice his religion while incarcerated. However, Mr. Williams fails to provide a short and plain statement of each of his claims showing that he is entitled to relief because he makes only vague and conclusory allegations regarding the alleged violations of his rights. Mr. Williams concedes that his claims are presented in the Prisoner Complaint only as a "synops[i]s of events that will be expanded in full detail in [an] opening brief." (Doc. #1 at 10.) However, the synopsis of each claim provided by Mr. Williams in the Prisoner Complaint does not satisfy the pleading requirements of Rule 8. Therefore, Mr. Williams will be ordered to file an amended complaint that provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action.

Mr. Williams is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that ***pro se*** pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

Because Mr. Williams has named a number of supervisory officials as Defendants, the Court also emphasizes that personal participation is an essential allegation in a civil rights action. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Williams must show that each

Defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to the supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Id*. at 1199.  Accordingly, it is

ORDERED that Mr. Williams file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order.  It is

FURTHER ORDERED that Mr. Williams shall obtain the court-approved Prisoner

Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Williams fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 31, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge