IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02553-BNB

JASON WILLIAMS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS FREMONT CORRECTIONAL
      FACILITY,
TOM CLEMENTS, Executive Director,
RAE TIMME, Warden,
ANTHONY DeCESARO, Grievance Officer,
DARRYL PROFFIT, Faith & Citizens Programs,
NARVA COURTNEY, Facility Volunteer Coordinator,
BUDDHIST FAITH GROUP ADVISOR, Unnamed as per C.D.O.C.,
LIEUTENANT NOEL, C.H. 4 Staff,
CAPTAIN PERSONS, C.H. 4/5 Staff,
C.O. MARQUEZ, C.H. 4 Staff,
C.O. DUNN, C.H. 4 Staff, and
C.O. SEGURA, C.H. 4 Staff,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Jason Williams, is a prisoner in the custody of the Colorado Department of Corrections at the Fremont Correctional Facility in Cañon City, Colorado.  Mr. Williams initiated this action by filing *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. Mr. Williams also asserts his claims pursuant to the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb - 2000bb-4, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc - 2000cc-5.  On October 31, 2011, the court ordered

Mr. Williams to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On December 5, 2011, Mr. Williams submitted a supplement to the Prisoner Complaint in which he restates and provides further allegations in support of the four claims for relief he is asserting in this action. However, Mr. Williams did not file an amended Prisoner Complaint as directed and he still fails to provide specific allegations in support of each asserted claim regarding the actions of each individual Defendant that allegedly have violated his rights. Because Mr. Williams appears to have made a good-faith effort to comply with the court's prior order, he will be given another opportunity to file an amended Prisoner Complaint as directed.

In order to state a claim in federal court, Mr. Williams "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). It is not enough for Mr. Williams to allege in vague and conclusory fashion that various Defendants conspired with each other to violate his rights. He must provide specific allegations that detail what each Defendant did that allegedly violated his rights. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a civil rights action. **See**

***Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Williams must show that each Defendant caused the deprivation of a federal right.  **See *Kentucky v. Graham***, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise.  **See *Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993).  With respect to the supervisory officials named as Defendants, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  **See *Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1948 (2009).  Furthermore,

> when a plaintiff sues an official under ***Bivens*** or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

**See *Dodds v. Richardson***, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting ***Iqbal***, 129 S. Ct. at 1949).  Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  ***Id***. at 1199.

Finally, the Court notes that Mr. Williams alleges in the supplement that "[t]his is the form Plaintiff was provided by the Fremont Correctional Facility law library clerk." (Doc. #9 at 1.)  The pages Mr. Williams submitted as his supplement are taken from the

court-approved Prisoner Complaint form, but, as noted above, Mr. Williams did not use the complete Prisoner Complaint form in order to submit an amended Prisoner Complaint as directed.  It is not clear from the statement in the supplement whether Mr. Williams was not provided a blank copy of the entire Prisoner Complaint form or whether he simply elected not to complete and submit the entire Prisoner Complaint form.  In order to comply with this order, Mr. Williams must complete and submit an amended pleading using the entire Prisoner Complaint form and he may not submit only certain pages from the Prisoner Complaint form.  If Mr. Williams is unable to obtain a blank copy of the entire Prisoner Complaint form, he should advise the court as to the specific steps he took to obtain a blank copy of the Prisoner Complaint form, who denied or prevented him from obtaining a blank copy of the Prisoner Complaint form, and any reason he was given for why he was denied or prevented from obtaining a blank copy of the Prisoner Complaint form.  Accordingly, it is

ORDERED that Mr. Williams file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a) as discussed in this order.  It is

FURTHER ORDERED that Mr. Williams shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Williams fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 9, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge